
FILED
NOV 14 2018
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HALL,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No.: 3:17-cv-02258-LAB (RNB)<br><br>**REPORT AND RECOMMENDATION REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>**(ECF Nos. 19, 21)** |

This Report and Recommendation is submitted to the Honorable Larry Alan Burns, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

On November 6, 2017, plaintiff James Hall filed a Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying his application for a period of disability and disability insurance benefits. (ECF No. 1.)

Now pending before the Court and ready for decision are the parties' cross-motions for summary judgment. For the reasons set forth herein, the Court **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that the Commissioner's cross-

motion for summary judgment be **GRANTED**, and that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

## PROCEDURAL BACKGROUND

On February 19, 2014, plaintiff protectively filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, alleging disability beginning September 4, 2013. (Certified Administrative Record ["AR"] 17, 242-43, 335.) After his claim was denied initially and upon reconsideration (AR 110-14, 116-21), plaintiff requested an administrative hearing before an administrative law judge ("ALJ"). (AR 123-24.) An administrative hearing was held on October 30, 2015. Plaintiff appeared at the hearing with counsel, and testimony was taken from him and a vocational expert ("VE"). (AR 61-88.)

On March 1, 2016, a supplemental administrative hearing was held. Plaintiff appeared at this hearing with the same counsel, and testimony was taken from him and a different VE. (AR 50-60.)

On June 6, 2016, another supplemental administrative hearing was held. Plaintiff appeared at this hearing with different counsel, and testimony was taken from him and telephonically from a medical expert. (AR 36-49.)

As reflected in his June 24, 2016 hearing decision, the ALJ found that plaintiff had not been under a disability, as defined in the Social Security Act, from September 4, 2013, through the date of the decision. (AR 17-29.) The ALJ's decision became the final decision of the Commissioner on September 8, 2017, when the Appeals Council denied plaintiff's request for review. (AR 1-3.) This timely civil action followed.

## SUMMARY OF THE ALJ'S FINDINGS

In rendering his decision, the ALJ followed the Commissioner's five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since September 4, 2013, the alleged onset

date. (AR 19.)

At step two, the ALJ found that plaintiff had the following severe impairments: right ankle injury with multiple surgeries, osteochondral lesion, and chronic pain; obesity; history of thoracic fractures; obstructive sleep apnea; degenerative disc/joint disease/spondylosis; and metatarsalgia. (AR 20.)

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in the Commissioner's Listing of Impairments. (AR 20.)

Next, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), with certain limitations. Specifically, the ALJ found that plaintiff could occasionally perform postural activities; could not climb ladders, ropes, and scaffolds; could not be exposed to hazards, extreme cold, or vibrations; and could not operate foot controls with the right lower extremity, but could frequently operate foot controls with the left lower extremity. The ALJ also found that plaintiff could frequently reach, handle, finger, push, and pull. (AR 21.)

For purposes of his step four determination, the ALJ found that plaintiff's past work as an electrician and carpenter met the criteria of past relevant work, as defined in 20 C.F.R. § 404.1560. The ALJ proceeded to find, based on the testimony of the VE at the March 1, 2016 supplemental hearing, that the demands of plaintiff's past relevant work exceeded his RFC. (AR 27.)

The ALJ then proceeded to step five of the sequential evaluation process. Based on the testimony of the VE at the March 1, 2016 supplemental hearing that a hypothetical person with plaintiff's vocational profile and RFC could perform the requirements of occupations that existed in significant numbers in the national economy (*i.e.*, office helper, assembler, and information clerk), the ALJ found that plaintiff was not disabled. (AR 28-29.)

//

//

# PLAINTIFF'S CLAIM OF ERROR

As reflected in plaintiff's summary judgment motion, plaintiff claims that, in determining plaintiff's RFC, the ALJ erred when he implicitly rejected the opinions of two medical experts that plaintiff could only sit for one hour at a time. (*See* ECF No. 19-1 at 4-8.)

# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

# DISCUSSION

**A.  The ALJ erred when he implicitly rejected the opinions of the two medical experts that plaintiff could only sit for one hour at a time.**

On December 10, 2015, Anthony Francis, M.D. completed a Medical Source Statement and responded to medical interrogatories at the behest of the ALJ. (AR 839-49.) Dr. Francis opined in the Medical Source Statement that plaintiff could lift and carry 10 pounds occasionally and frequently; sit for *one hour at a time* (uninterrupted); stand for one hour at a time and walk for one hour at a time; and stand and walk two hours

cumulatively and sit for six hours in an eight hour workday. (AR 840.) Dr. Francis further opined that plaintiff could frequently reach, handle, finger, feel, push/pull, and operate foot controls bilaterally. (AR 841.) Dr. Francis also opined that plaintiff could occasionally climb stairs and ramps, balance, stoop, kneel, crouch, and crawl, but never climb ladders or scaffolds. (AR 842.) Finally, Dr. Francis opined that plaintiff should never be exposed to unprotected heights, extreme cold, and vibrations. (AR 843.)

At the June 6, 2016 supplemental hearing, the ALJ called upon the services of a medical expert. (A.R. 36-49.) Dr. Thompson stated that he "feel[s] that the RFC of 17F, dated 12/10/2015 [Dr. Francis's Medical Source Statement and interrogatory responses], appears appropriate with one change." Dr. Thompson believed that plaintiff was capable of lifting and carrying 11-20 pounds occasionally, as opposed to 10 pounds. (AR 41.)

Thus, both medical experts agreed that plaintiff only was capable of sitting for one hour at a time. In his decision, the ALJ stated that he was giving "great weight to the opinions of Dr. Francis and Dr. Thompson, as they are generally consistent with the evidence." (AR 25.) Plaintiff contends that, by not including the limitation to sitting for one hour at a time in his RFC assessment, the ALJ implicitly rejected the opinions of the two medical experts because sedentary work contemplates breaks every two hours and thus the ability to sit uninterrupted for that length of time. Plaintiff further contends that it was error for the ALJ to reject the medical experts' opinions without articulating any basis for doing so. (*See* ECF No. 19-1 at 5-8.)

The Commissioner does not dispute that, in determining that plaintiff had the RFC for sedentary work with postural, environmental, and manipulative restrictions and limits on operating foot controls, the ALJ implicitly rejected the opinions of Dr. Francis and Dr. Thompson that plaintiff was limited to sitting for one hour at a time because sedentary work contemplates breaks every two hours. However, the Commissioner contends that the ALJ did not err because his RFC assessment was supported by substantial evidence. (*See*
//
//

ECF No. 21-1 at 8.)[1] In support of this contention, the Commissioner cites the opinions of the State agency physicians that plaintiff could sit for six hours in an eight-hour workday with normal breaks (*see id.* at 11, citing AR 93-94 and 103-05) and the March 11, 2016 opinion of Dr. Schmitter that plaintiff could sit for four hours at a time (*see id.* at 12, citing AR 957-61).

The fallacy of the Commissioner's contention is that, as noted above, the standard of review is whether the Commissioner's findings are supported by substantial evidence **and whether the proper legal standards were applied.** Because the ALJ stated that he was giving "great weight" to the opinions of Dr. Francis and Dr. Thompson, he was required either (1) to include the limitation to sitting for one hour at a time in plaintiff's RFC, or (2) to explain why he did not. *See Flores v. Berryhill*, 2018 WL 2439579, at *1 (9th Cir. 2018); *see also* Social Security Ruling[2] ("SSR") 96-8p, at *7 ("The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

---

[1] The Commissioner also contends that the ALJ "reasonably discounted Plaintiff's subjective complaints about his symptoms and limitations, including testimony that Plaintiff had problems sitting due to his back impairments." However, plaintiff is not contesting the ALJ's adverse credibility determination, just his implicit rejection of the two medical experts' opinions regarding the one-hour sitting limitation. Moreover, in making an adverse credibility determination, it is incumbent on the ALJ to specify which statements by plaintiff concerning his or her symptoms and functional limitations were not credible and/or in what respect(s) plaintiff's statements were not credible. *See Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir. 1998); *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir. 1996). Here, the Court notes that in his summary of plaintiff's administrative hearing testimony, the ALJ did not specifically mention plaintiff's testimony regarding his limited ability to sit (*see* AR 21-22), which the ALJ seemingly interpreted at the hearing as requiring a sit/stand option at will (*see* AR 84). The Court therefore disagrees with the Commissioner that the ALJ "reasonably discounted" plaintiff's testimony regarding his limited ability to sit due to his back impairments.

[2] Social Security Rulings are binding on ALJs. *See Terry v. Sullivan*, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

The Court therefore finds that the ALJ did not follow the proper legal standards when he implicitly rejected the opinions of Dr. Francis and Dr. Thompson that plaintiff was limited to sitting for one hour at a time.

## B. The ALJ's error was harmless.

The Commissioner contends that even if the ALJ erred, the error was harmless. (*See* ECF No. 21-1 at 14-17.) Harmless error analysis does apply in this context. *See, e.g., Marsh v. Colvin*, 792 F.3d 1170, 1172-73 (9th Cir. 2015); *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An error is harmless if it is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006). In reviewing the ALJ's non-disability determination for harmless error, the Court considers the evidence in the record as a whole. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

Here, the record reflects that, based on plaintiff's testimony about needing to shift positions while seated, the ALJ asked the VE at the October 30, 2015 supplemental hearing whether jobs would be available for an individual who needed to sit/stand at will and had other limitations generally consistent with plaintiff's RFC. The VE testified that such a person could perform *inter alia* assembler work, Dictionary of Occupational Titles (DOT) 713.687-026, a sedentary occupation that did not require overhead reaching or operation of foot controls and could be performed sitting or standing. (*See* AR 83-85.)

At the March 1, 2016 supplemental hearing, the ALJ posited a hypothetical question with the limitations in plaintiff's RFC to another VE, although this hypothetical did not include a sit/stand option. The VE testified that such a person could perform *inter alia* assembler work, DOT 713.687-026—the same job that the VE had identified at the October 30, 2015 hearing. (*See* AR 57-58.)

Therefore, while the Court is unable to find that ALJ's step five determination that plaintiff could perform the occupations of office helper and information clerk was supported by substantial evidence, the Court is able to find that the ALJ's error with respect

7

to the medical experts' opinions was harmless because the ALJ's determination that plaintiff could perform the occupation of assembler was supported by substantial evidence. *See Lara v. Astrue*, 305 F. App'x 324, 326 (9th Cir. 2008) ("To the extent the VE was overly broad and included jobs that [plaintiff] could both perform and not perform, any error is harmless so long as the jobs that could be done are enough to support the ALJ's decision."). Moreover, based on the VE's testimony that there were 50,000 assembler jobs available nationally (*see* AR 57-58), the Court finds that the Commissioner has satisfied her burden at step five of demonstrating that work exists in significant numbers in the national economy that plaintiff could do despite his limitations. *See, e.g., Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 527-29 (9th Cir. 2014) (25,000 jobs nationally meets the statutory standard of "work which exists in significant numbers either in the region where such individual lives or in several regions of the country"); *Peck v. Colvin*, 2013 WL 3121280, at *5 (C.D. Cal. June 19, 2013) (14,000 jobs nationally significant); *Yepiz v. Colvin*, 2013 WL 1339450, at *9 (C.D. Cal. Mar. 28, 2013) (15,000 jobs nationally significant); *Haase v. Astrue*, 2012 WL 3670639, at *8 (C.D. Cal. Aug. 27, 2012) (13,000 jobs nationally significant).

## RECOMMENDATION

The Court therefore **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that the Commissioner's cross-motion for summary judgment be **GRANTED**, and that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

Any party having objections to the Court's proposed findings and recommendations shall serve and file specific written objections within 14 days after being served with a copy of this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2). The objections should be captioned "Objections to Report and Recommendation." A party may respond

//

//

to the other party's objections within 14 days after being served with a copy of the objections. *See id.*

IT IS SO ORDERED.

Dated: November 13, 2018

_____
ROBERT N. BLOCK
United States Magistrate Judge